# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:24-cr-455 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| ZAVIEE KABAR PLEDGURE, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 28, 2025, Defendant Zaviee Pledgure filed a motion to revoke the Magistrate Judge's prior order of detention (ECF No. 11), pursuant to 18 U.S.C. § 3145(b). (ECF No. 16). Defendant argues that the Court should revoke the detention order because the Magistrate Judge erred in finding that he failed to present sufficient evidence to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3), and there are conditions that would ensure Defendant's presence in court and protect the community. (*Id*. at PageID #56, 59–62). Defendant requests an oral hearing on the motion. (*Id*. at PageID #56).

On February 4, 2025, the Government opposed Defendant's motion. (ECF No. 17). The Government first argues that Defendant waived any objection to the Magistrate Judge's ruling because the motion was filed after the Rule 59 deadline. (*Id.* at PageID #65). If the Court were to conduct *de novo* review of the detention order, the Government argues that the motion to revoke fails on the merits. (*Id.* at PageID #65–70). It contends that Defendant failed to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) because none of the evidence he presented establishes that he is not a danger to the community. (*Id*. at PageID #65–67). The Government also asserts that, even if the Court found that Defendant overcame the presumption of detention,

1

no condition or combination of conditions could reasonably assure the safety of the community if Defendant were released pending trial. (*Id*. at PageID #67–70).

First, the Court will address Defendant's request for an oral hearing. Upon review of the record, the Court finds that an oral hearing on this motion is not necessary. The record before the Court is sufficient for the Court to make its determination. Thus, Defendant's request for an oral hearing is **DENIED**.

Second, the Court will address the Government's arguments on wavier. Defendant's motion is brought under 18 U.S.C. § 3145(b), which provides that a defendant who is "ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." 18 U.S.C. § 3145(b). Because the motion to revoke was filed 30 days after the Magistrate Judge's detention order was issued, the Government contends that Defendant waived any challenge to that decision pursuant to Fed. R. Crim. P. 59(a). (ECF No. 17, PageID #65). Rule 59 provides that a party must file objections to a magistrate judge's order on non-dispositive matters within 14 days and that a "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a). There is a split among authorities whether the time limit under Rule 59(a) applies to motions to revoke under § 3145(b). *Compare United States v. Savage*, No. 1:13-CR-345, 2025 U.S. Dist. LEXIS 1267, at *3 (N.D. Ohio Jan. 2, 2025) (finding that a defendant waived the right to review under § 3145(b) because his motion to revoke a detention order was filed after the Rule 59(a) deadline); *United States v. Okoro*, No. 3:21-CR-00435-N-4, 2023 U.S. Dist. LEXIS 168098, at *5–6 (N.D. Tex. Sep. 21, 2023) (same); *United States v. Tooze*, 236 F.R.D. 442, 444–45 (D. Ari. 2006) (same), *with United States v. Doby*, 928 F.3d 1199, 1205–06 (10th Cir. 2019) (holding that Rule 59(a)'s 14-day time limit does not apply to motions under § 3145(b) because the rule only concerns matters that

2

district courts expressly refer to magistrate judges under 28 U.S.C. § 636(b)); *United States v. Harris*, No. 3:22-cr-113, 2023 U.S. Dist. LEXIS 3995, at *4 (S.D. Ohio Jan. 6, 2023).

The Court is skeptical that Rule 59(a)'s time limit applies to the instant motion to revoke under § 3145(b), noting that the statute provides no time limit for when such a motion can be filed. *See* 28 U.S.C. § 3145(b).  The Court, however, need not answer this question at this time.  Even if Rule 59's time limit did apply, the Court still retains discretion to review a magistrate judge's decision when a party files objections past the 14-day deadline.  The Advisory Committee Notes to Rule 59 provide that "[d]espite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed."  Fed. R. Crim. P. 59 advisory committee's note to 2005 amendment (citing *Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)).  Moreover, Local Rule 5.3 provides that a district court may *sua sponte* consider any non-dispositive matter determined by a magistrate judge.  Accordingly, the Court will exercise its discretion and review Defendant's motion to revoke under § 3145(b).

Finally, the Court will address the merits of the motion to revoke.  When a district court is moved to revoke a detention order under 18 U.S.C. § 3145(b), it may conduct *de novo* review of the magistrate judge's decision.  *United States v. May*, 2020 U.S. Dist. LEXIS 83927, at *2 (N.D. Ohio May 13, 2020).  The parties do not dispute that there is a presumption of detention pursuant to 18 U.S.C. § 3142(e)(3) because there is probable cause that Defendant committed an offense under 18 U.S.C. § 924(c) (Using and Carrying a Firearm During and in Relation to a Crime of Violence).  (ECF No. 1; ECF No. 16, PageID #56; ECF No. 17, PageID #65–67).  To rebut this presumption, Defendant must produce evidence that he does not pose a danger to the community

or a risk of flight. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The burden of production is not heavy but requires Defendant to introduce at least some evidence. *Id.*

Defendant has not met that burden. Defendant cites as evidence his lack of prior criminal history (save a 2018 traffic citation), his significant mental health issues, his current willingness to engage in mental health treatment, and his mother's willingness to provide stable housing and assistance if he is released. (ECF No. 16, PageID #59–60). The Government argues that the evidence provided by Defendant fails to rebut the presumption that he poses a danger to the community. (ECF No. 17, PageID #67). It also questions whether there is evidence of stable housing at his mother's residence given that Defendant claimed he was homeless after leaving his mother's home in early 2024. (*Id.*).

The Court finds that Defendant has not provided persuasive evidence that he does not pose a danger to the community. In this case, Defendant is charged with bank robbery and using and carrying a firearm during and in relation to a crime of violence. (ECF No. 1). The Magistrate Judge summarized the specific allegations against Defendant:

> Mr. Pledgure entered a bank at noon, pointed a loaded gun at a teller, and held bank customers (some of whom were elderly) hostage in the lobby. Police allegedly apprehended Mr. Pledgure at the scene and discovered he had a "getaway bag" containing a change of clothes and ammunition. Mr. Pledgure surrendered to the police and cooperated with them. However, he later told the police that he wanted to shoot them but lacked the tactical advantage to do so.

(ECF No. 11, PageID #33). These are serious allegations of violent and dangerous behavior. Although Defendant now expresses a willingness to undergo mental health treatment, his self-reported mental health issues weigh in favor of detention.[1] Defendant's minimal criminal history,

---

[1] Defendant insinuates that his untreated mental health issues might be the root cause of the bank robbery incident and states that mental health treatment is the best method to stop the delusional thinking suggested by Defendant's alleged actions. (ECF No. 16, PageID #60). Given the violent nature of the incident, and with no evidence or guarantee that mental health treatment would be effective, Defendant's reported mental health issues are not sufficient evidence to demonstrate a lack of danger to the community and overcome the presumption of detention. It is also noteworthy that defense counsel did not proffer, argue, or even suggest at the detention hearing any belief that Defendant's alleged

and his mother's willingness to be a third-party custodian and let him live with her pending trial, do not rebut the presumption of detention. *See United States v. Felix*, No. 5:19MJ1322, 2019 U.S. Dist. LEXIS 192026, at *9 (N.D. Ohio Nov. 5, 2019) (citing *United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001); and *United States v. Perry*, No. 16-20062, 2017 U.S. Dist. LEXIS 53512, at *29 (E.D. Mich. Apr. 7, 2017)). In fact, one could argue that his asserted family ties/support raise more questions than they answer. At the time of the alleged offense, Defendant was homeless. (ECF No. 14, PageID #44–45, 48–49). This indicates that, for some reason (and the Court will not speculate as to what that reason was), Defendant was not willing/able to live with his mother. The conduct alleged in this case also tends to indicate that any ties/support he had did not stop Defendant from committing an act(s) of violence with a gun. Against this backdrop, Defendant's evidence does not ameliorate the Court's concerns about the danger Defendant poses to the community.

The Court finds no error in the Magistrate Judge's conclusion that the presumption of detention has not been rebutted. The Court also agrees with the Magistrate Judge's conclusion that no condition or combination of conditions can reasonably assure the safety of the community. Accordingly, Defendant's motion to revoke (ECF No. 16) is **DENIED**.

   **IT IS SO ORDERED.**

Date: February 6, 2025

 

---

   **CHARLES E. FLEMING**
   **UNITED STATES DISTRICT JUDGE**

---

conduct was occasioned by mental health issues, or that Defendant is amenable to treatment for the same.